## ALVIRA G. SMITH *vs.* HORATIO SLOCOMB.

A conveyance of land, " beginning at an angle in the stone wall on the easterly side of the aforesaid road; " thence running around the rear of the lot granted " to a stake and stones at the aforesaid road; thence northerly on the line of said road to the first mentioned bound; " excludes the road.

ACTION OF TORT for breaking and entering the plaintiff's close. At the trial in the court of common pleas the plaintiff gave in evidence a deed from the defendant to herself of " a certain tract of land, situate in the easterly part of Sutton, on the easterly side of the road leading from Samuel Bigelow's to said Horatio Slocomb's, and is estimated to contain two acres and twelve rods, bounded as follows: beginning at an angle in the stone wall on the easterly side of the aforesaid road and on the line of the said Bigelow's land; thence running north 87° east on the line of land of said Bigelow and of Horace Leland twenty two rods to a stake and stones; thence south 11° west on the grantor's other land sixteen rods and twenty two links to a stake and stones; thence south 85° west on the grantor's other land twenty rods and two links to a stake and stones at the aforesaid road; thence northerly on the line of said road to the first mentioned bound."

The plaintiff contended that by virtue of this deed her land

extended to the centre of the road; and introduced proof of her possession of a portion of such land, on which it was admitted that the alleged trespasses occurred.

The defendant introduced evidence tending to prove that the length of lines as expressed in the deed would terminate at the bounds mentioned in said deed; and contended that the plaintiff's deed only carried her on the road to the stakes and stones at the southwest corner, and the angle in the wall at the northwest corner, and did not include any portion of the road.

But *Aiken,* J. ruled that by virtue of said deed the plaintiff's land extended to the centre of the road, and a verdict was taken for the plaintiff. The defendant alleged exceptions.

*H. Chapin & C. E. Pratt,* for the defendant.

*F. H. Dewey,* for the plaintiff, cited *Newhall* v. *Ireson,* 8 Cush. 595; *Cold Spring Iron Works* v. *Tolland,* 9 Cush. 492; *Knight* v. *Wilder,* 2 Cush. 199; 3 Kent Com. (6th ed.) 432.

SHAW, C. J. The question is whether the plaintiff's deed conveyed the land to the centre, or only to the easterly side, of the road. Courses and distances are but circumstances, and in general must yield to monuments and abuttals. The theory of the law in this respect, as held in this commonwealth, is, that by taking land for a highway the public take an easement only, and not a fee; that the fee must be in somebody, and not in abeyance, and remains in the abutter; that the public easement so completely takes all that can be made serviceable to the owner, that what remains cannot be considered of much value; and therefore, if he makes a new conveyance bounding "on the road," and says nothing more, the presumption is, in the absence of all other proof, that the grantee takes *ad filum viæ.* The road is an abuttal, not a monument; and if the deed does not say on what side, it shall be taken to mean the centre.

But if the party chooses to retain his remnant — his fee in the soil under the road — he may do so. He may bound by the wall on one side of the road, or by the line between the land and the highway. If by a careful examination of the description, such is seen to have been his intention, it must be carried into effect.

In *Newhall* v. *Ireson*, 8 Cush. 595, the court held, that under the rule of construction which gives greater effect to monuments and abuttals than to courses and distances, a boundary "to the road" and "on the road" extended to the middle of the road.

But here the description of the boundaries begins "at an angle in the stone wall on the easterly side of the aforesaid road," which is a point in the wall, not in the middle of the road. Thus commencing at the side of the road, it goes around the rear of the lot, and comes back to the road, "to a stake and stones at the aforesaid road; thence northerly on the line of said road to the first mentioned bound." Had it been merely "at the road" at both ends of the description, there would have been more ground for holding that it went to the middle. But when it starts at the side of the road, and comes back to the road, and thence on the line of the road to the point of beginning, the conclusion is inevitable that the road is excluded. The court are all of opinion that the description by its terms clearly excludes the highway, and thus overrides the presumption that a grant goes *ad filum viæ.*   *Exceptions sustained.*